IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, through the next friend Melissa Smith, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 110-126 |
| AUGUSTA-RUCHMOND COUNTY, through Mayor, Deke Copenhaver, and the Commissioners, in their official capacities, et al., | * * * * * * | |
| Defendants. | * | |

**O R D E R**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. no. 36) of this Court's September 9, 2011 Order granting in part Defendants' motion to dismiss. Upon due consideration, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

On September 22, 2010, Plaintiff filed suit against numerous defendants asserting various claims under both 42 U.S.C. § 1983 and state law. Plaintiff alleged that Defendants, through the use of excessive force, violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution. He further alleged that Defendants deprived him of his rights under the First and Fourth Amendments through their unlawful entry into his home and their unlawful seizure.

On September 9, 2011, the Court ruled on two motions to dismiss filed by various Defendants. (Doc. no. 33.) The Court dismissed the claims against Augusta-Richmond County ("ARC") because Plaintiff's Complaint did not contain any allegations that would permit the Court to impose liability against ARC for failures arising from the actions or inactions of the Richmond County Sheriff's Office. The Court also dismissed the claims against Defendants Strength, Young, Johnson, McKenzie, Bell, Singletary, Langford, and Norman, in their official capacities based on Eleventh Amendment immunity.

Moreover, the Court dismissed the claims against Sheriff Ronald Strength in his individual capacity. Plaintiff alleged that Strength's actions and omissions resulted in "one or more policies, practices, or customs, that caused deputies . . . to act in a manner that was deliberately indifferent to constitutional rights and duties." (Compl. ¶ 10.) However, the Court found that Plaintiff failed to allege a causal connection between Strength's actions and the acts of the other Defendants that formed the basis of the § 1983 claims. Although Plaintiff mentioned the words "policies, practices, or customs," he did not identify a single one and did not set forth any facts showing how

Strength's custom or policy caused the alleged constitutional violations. The Court also dismissed the claims against Pat Young, the supervising officer of the Internal Affairs Department of the Richmond County Sheriff's Department, in his individual capacity for identical reasons. The claims against Paul Johnson in his individual capacity were dismissed because all the allegations against him were lacking in factual support.[1]

Plaintiff's current motion seeks reconsideration of the Court's September 9, 2011 Order. Specifically, Plaintiff contends that the claims against Strength, Young, and Johnson, in their individual capacities, should not have been dismissed because the Complaint established a plausible claim of supervisory liability that was worthy of discovery.

## II. STANDARD FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse

---

[1] Paul Johnson is identified in the Complaint as Bell and McKenzie's supervisor.

3

its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three grounds for reconsideration of an order: (1) the availability of new evidence; (2) an intervening change in controlling law; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). Further, Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Wendy's Int'l v. Nu-Cape Const., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

### III. DISCUSSION

Plaintiff's motion for reconsideration is an obvious attempt "to relitigate old matters" and refute the Court's prior decision. Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Plaintiff does not present any new evidence. Instead, Plaintiff believes the Court failed to

consider the Complaint as a whole when dismissing the claims against the supervisors. He claims that "the complaint pled a supervisory review of the incident that was more cover-up, than attentive, legitimate supervision, such that a plausible claim of supervisory liability, worthy of discovery, was pled." (Doc. no. 36 at 2.) According to Plaintiff, once "a police expert reviews the records of other incidents . . . there will be a causal link between some practice or custom . . . and the challenged brutality under color of state law." (Id. at 3.) However, suggesting that discovery is warranted is not the equivalent of producing new evidence. More importantly, despite Plaintiff's claim to the contrary, the Court did consider Plaintiff's Complaint in its entirety when ruling on the motions to dismiss.

Plaintiff also failed to present evidence of an intervening change of law that would support reconsideration. Although Plaintiff's current motion attempts to educate the Court on the pleading requirements of Iqbal and Twombly, the Court utilized these pleading standards when ruling on the motions to dismiss. Indeed, based on these standards, the Court determined that Plaintiff failed to present factual support for his deliberate indifference claims. Plaintiff has not presented any evidence of an intervening change in the pleading standards, and thus the Court will not reconsider its prior Order on this ground.

Finally, Plaintiff has not established that reconsideration is necessary to prevent manifest injustice. The only argument that could be reasonably read to challenge the Order on injustice grounds is Plaintiff's claim that Defendant Strength should remain in this case because he is the only official who can effect changes within the department to prevent further constitutional violations. While Plaintiff cites the doctrines of specific intent and joint liability as reasons why Defendant Strength should remain in this lawsuit, his current motion fails to address the Eleventh Amendment immunity argument that served as the Court's basis for dismissing Defendant Strength in his official capacity.

In conclusion, the Court notes that it has thoroughly considered the issues that form the basis of its prior ruling and finds neither a reason nor a legal basis for reconsidering its September 9, 2011 Order.

### IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration (doc. no. 36) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of April, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA